

LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC
"BEGAN WITH BELIEVING YOU WILL SUCCEED"

**JESSIE LYONS CRAWFORD, ESQ**

October 1, 2012

**FIRST CLASS MAIL AND**
**VIA FACSIMILE: 202-741-8800**
Denise J. Baker
Asistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001

And

**FIRST CLASS MAIL AND**
**VIA FACSIMILE: 202-741-0569**
Patricia B. Donkor
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor
Washington, D.C. 20001

    Re:    *Case:  Felicia Martin vs. DC Government, et al*
              *Case No.: 11-Cv-1069 ABJ*
              **Deposition Requesting**

Dear Counsel:

    I am in receipt of your September 27, 2012, email wherein you state that your clients are not amenable to discussing civility during depositions because your clients intend to be guided by the local rules. Furthermore, you indicated that you intend on filing a Motion to Enlarge the Discovery Deadline so that it would assuage my client's fear regarding running out of time to conduct depositions. You also indicated that you would be cancelling any depositions scheduled for the Month of November. (On September 28, 2012, you advised me in a telephone conversation that you were cancelling October Depositions as well). Finally, you allege in your correspondence that my client has somehow violated the Protective Order in this matter by allegedly discussing contents of documents with current District employees.

    I first address your comments concerning my client's alleged fear of running out of time to conduct depositions.  Let me be clear, we are not operating on fear.  We are operating under a Court Order to Complete Discovery by December 14, 2012.  You have not taken that Court Order seriously and your failure to do so has impeded and frustrated the discovery deadline for the Plaintiff's case.  Your decision to override the Court Order and assume that the Court will grant you an extension or that the Plaintiff will even agree to the extension is disconcerting. It is not fear on our part.

Denise Baker, Esquire
Patricia B. Donkor, Esquire
Page 2

     Second, on March 30, 2012, Plaintiff served Interrogatories and Request for Documents on defendants DC, Moosally, Jackson, and Stewart. These defendants refused to respond to Plaintiff's discovery request, claiming that no responses would be forth coming until the parties agreed to a protective order, and file said protective order with the court. After a protective order was agreed to by the parties, and filed with the Court on June 12, 2012, and after Plaintiff sent defendants on June 26, 2012, notice of her intention to file a motion to compel, defendant's DC, responded to Plaintiff's discovery request on July 20, 2012 and defendants Moosally, and Stewart responded to Plaintiff's discovery request on August 16, 2012. **Defendant Jackson Answered Plaintiff's March 30, 2012 interrogatories on September 26, 2012**, **but failed to respond to Plaintiff's document request.** Plaintiff's served interrogatories and request for documents on defendants Dulaney and Brodsky's on August 7, 2012, to which these defendants have not responded. Additionally, on June 26, 2012, Plaintiff sent defendant a notice with a list of witnesses, including the parties that Plaintiff is seeking to depose, and requested that you coordinate with the witnesses in your control and provide propose dates for the deposition of the witnesses. However, defendant did not respond to this notice.

     My Co-Counsel noted in the file that after the scheduling conference on March 15, 2012, you stated that the defendants would be pursuing a strategy of "stratagem" in this case. We understand that term, "stratagem", to mean an elaborate and systematic plan of action to deceive an opponent. This type of scheme is counterproductive to the discovery process. I have been in this case only a short period, however, a review of the record and your unwillingness to cooperate with me in the scheduling of depositions can be interpreted as stratagem. As you know, your continued objections to discovery and refusal to cooperate with the scheduling of depositions, as well as, your refusal to cooperate with the Court Order to complete discovery by December 14, 2012, **(which the parties agreed to and proposed to the court)** has resulted in your impeding and frustrating the discovery process. We are requesting that you abandon this unethical and unfair form of strategy.

     Moreover, in your correspondence dated September 27, 2012 you alleged that my client has run afoul of the Protective Order. Your communication regarding what my client may have said or did is vague and ambiguous and we ask that you state the specific incidents that give rise to your allegations. I am unable to address your concerns with my client until you state with particularity the purported incidents.

     Finally, I spoke with you on Friday, September 28, 2012 wherein you stated in no uncertain terms that your client will not settle this matter. In response, I stated that in that case we need to conduct discovery. You explained that you did not have time for depositions in October or November. You also explained that my client is acting like her case is a million dollar case. You stated that she is still employed and "she had a little problem". You indicated that she needs to settle down and be satisfied that she has her job, as I have paraphrased your comments. I believed you took this lawsuit personal and I stated so. I asked you not to take the matter personally as this was Ms. Martin's right to pursue the cause of action. You simply stated, "ok".

Denise Baker, Esquire
Patricia B. Donkor, Esquire
**Page 3**

      Further, we intend to proceed with the October depositions which you have already agreed to. We have not cancelled and do not intend to do so. The Court reporter has already been ordered. I have requested that you consider dates for the Deposition of fact witnesses in November. Once you confirm you and your client's availability I will note the Depositions for all fact witnesses.

      I trust that you will have your clients available for the October depositions as we have not cancelled the depositions. Thank you for your cooperation in this matter. Waiting your response.

      Very truly yours,

      Jessie Lyons Crawford, Esq.
      George Rose, Esq

**JLC/DP**
cc:
Felicia Martin