

LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC
*"BEGAN WITH BELIEVING YOU WILL SUCCEED"*

**JESSIE LYONS CRAWFORD, ESQ**

September 28, 2012

**FIRST CLASS MAIL AND**
**VIA FACSIMILE: 202-741-8800**
Denise J. Baker
Asistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001

And

**FIRST CLASS MAIL AND**
**VIA FACSIMILE: 202-741-0569**
Patricia B. Donkor
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor
Washington, D.C. 20001

      Re:    *Case:  Felicia Martin vs. DC Government, et al*
                *Case No.: 11-Cv-1069 ABJ*
                **Deposition Requesting**

Dear Counsel:

      This confirms our telephone conference on September 26, 2012 in which all counsel of record participated.  In that conference, I attempted to speak with you both concerning a protocol for the upcoming depositions, particularly the 30 (B) (6).  It was an effort on our part to streamline the objections and the process of depositions. In effect, we desire an effective deposition with as few interruptions, such as objections, as is possible.  We particularly requested that you provide your objections to the Notice in writing before the deposition so that we may make a good faith effort to resolve at least those objections in an effort avoid unnecessary interruptions and unnecessary waste of time.  You both rejected such effort stating that you could not discuss the matter without a document in hand. Ms. Donkor stated that she will not be limited as to her objections, which we were not requesting.  Instead, as I explained, we were seeking to address as many objections as possible concerning the substance of the Notice.  Ms. Baker perused my e-mailed which was the subject of this meeting and  stated that DC has no protocol for depositions or rules of ethics concerning the deposition process. Ms. Baker stated that the Federal Rules of Procedure is the protocol for depositions. We then terminated further discussions as we were at a stalemate.

Denise Baker, Esquire
Patricia B. Donkor, Esquire
**Page 2**

      You both were eager to discuss the substance of the Notice of Deposition. However, the objections you wished to address were related to the Notice of Deposition which has expired due to the previous deposition having been inadvertently scheduled on a Saturday. The recent notice, which was amended, was issued on September 21, 2012. We considered the objections you raised in the first Notice and amended the current Notice. We explained that because of that we did not deem it appropriate to discuss objections that may not be relevant to the current notice. With that, we requested that you review the Notice and provide us with new objections based on the current Notice. You accepted our offer to resume the discussion on Wednesday, October 6, 2012 at 1:00 p.m. and you greed to provide your objections before that time so that Mr. Rose and I may prepare a proper response.

      Ms. Baker stated that if we are unable to reach an agreement on the objections, then she will initiate a conference with the Judge. We agreed with that action.

      We remain interested in reaching an agreement as to a protocol for the deposition. Due to the number of defendants and issues in this case, we believe it is necessary to enter an agreement as to protocol for all depositions. If we are unable to come to terms on this issue, we may initiate a conference with the Judge to resolve this issue.

      I trust that the foregoing is consistent with your understanding and agreement. Thank you for your cooperation in this matter. Waiting your response, I am:

      Very truly yours,

      Jessie Lyons Crawford, Esq.

**JLC/DP**
cc:
George Rose, Esq
Felicia Martin