

# LAW OFFICES OF
# JESSIE LYONS CRAWFORD, LLC
"BEGAN WITH BELIEVING YOU WILL SUCCEED"

**JESSIE LYONS CRAWFORD, ESQ**

September 18, 2012

**VIA FACSIMILE: 202-741-8800**
Denise J. Baker
Asistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001

And

**VIA FACSIMILE: 202-741-0569**
Patricia B. Donkor
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor
Washington, D.C. 20001

Re:   SECOND REQUEST FOR DEPOSITION SCHEDULE
      *Case: Felicia Martin vs. DC Government, et al*
      *Case No.: 11-Cv-1069 ABJ*

Dear Counsel:

The purpose of this letter is to confirm our telephone conversation on this date concerning dates for depositions for your clients.

I advised you that Mr. Rose and I are requesting deposition dates for DC Government, Maria Delaney, Craig Selby Stewart, Johnnie Jackson and Frederick Peter Moosalley, III. I informed you that Mr. Rose is unavailable for deposition on October 2, 15, 17 and 22. You were also informed that I am not available on October 10, 15-19 or 22. You advised that you are not available on October 1, 2, 3 (due to a Status Conference) or 22 thru November 1 (due to a two week trial).

You advised that your co-counsel Patricia Donkor will manage the DC deposition. I informed you that I intend to schedule the Deposition for DC on either one of following dates 22, 23, 24, 25 26, 29, 30, or 31. Unless I hear from you, I will note the deposition for DC on one of those dates and will expect you co-counsel to appear with your agents. You stated that you need to pull your people together for the 30(B)(6) deposition and that you need time to do so. I expressed to you that you have had prior notice of the information sought and that you may have already addressing the issue of the proper deponent. **You also stated that you may file a Motion to Enlarge time based on your schedule.**

Denise Baker, Esquire
Patricia B. Donkor, Esquire
Page 2

We agreed that you will work with me to secure depositions in October and I or my co-counsel will come to Washington for the Depositions. This is our attempt to work amicably with you. My agreeing to come to DC is based on your agreement to secure depositions for October 2012.

You stated that you will file a Motion for Protective Order. I expressed to you that you don't have a basis. The Notice for the September 8, 2012 deposition has expired. We are preparing a New Notice of Deposition. I advised that we will be mindful of your concerns as we prepare the Notice. If you still believe a protective order is necessary after you receive the notice, I invited you to file your motion. You agreed.

Be advised, however, if you do not have your protective order in place on the day of the deposition, we expect you to proceed with the deposition. Be advised that we will be prepared to file the appropriate Motion for the appropriate sanction.

As to the remaining deponents, you advised that you are available on the 8th, 9th, and 11th of October. We agreed to secure dates from the remaining deponents, who are defendants in this case.

You advised that you and your co-counsel will decide which depositions you each will handle. I also requested that you to inform me of the dates by Friday. I advised you now that on Friday, September 21, 2012 at noon, we will forward Notices to you and your co-counsel securing depositions for the following deponents:

| | |
|---|---|
| **Charles Brodsky** | **Individual Capacity** |
| **Maria Delaney** | **Individual Capacity** |
| **Craig Selby Stewart** | **Individual Capacity** |
| **Johnnie Jackson** | **Individual Capacity** |
| **Frederick Peter Moosalley, III** | **Individual Capacity** |
| **DCGov. District of Columbia** | |

Please be advised that no court order of any kind is in place precluding our moving forward with depositions. In fact, as I explained to you, it is our responsibility to our client. Though we are willing to work with you and your co-counsel concerning your schedules, we cannot do so at the peril of our client's case.

You stated that an enlargement of time will be requested for the discovery period because, you explained, that is what is done anyway. In response, I will inform you that my client is not currently interested in an enlargement of time.

Denise Baker, Esquire
Patricia B. Donkor, Esquire
**Page 3**

  I also advise you that this letter is an attempt to resolve a discovery dispute for which we may seek the Judge's intervention if necessary.

  I trust that the foregoing is consistent with your understanding and agreement. Thank you for your cooperation in this matter. Waiting your response, I am:

        Very truly yours,

        */s/ Jessie Lyons Crawford*
        Jessie Lyons Crawford, Esq.

**JLC/DN**

cc:
George Rose, Esq
Felicia Martin