UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICIA MARTIN,<br><br>       *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>       *Defendants*. | Case Number 1:11-cv-01069<br><br>Judge Rudolph Contreras |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND MOTION TO COMPEL THIRD PARTIES AND CROSS-MOTION FOR PROTECTIVE ORDER**

This is an employment action. Defendants include the District of Columbia ("District"), a municipal corporation.

Plaintiff, represented by counsel *pro hac vice*, issued a number of subpoenas to various agencies with the District in October 2012. These subpoenas commended the receiving party to produce documents at plaintiff's counsel's office in Baltimore, Maryland. *See, e.g.*, ECF # 55, Ex. 1 and 56, Ex. 1.

Plaintiff has now moved to compel two district agencies (D.C. Office of the Chief Technology Officer ("OCTO") and the D.C. Office of Human Rights ("OHR")) to comply with the subpoenas issued by plaintiff's counsel. [ECF # 55 and 56]. The Court should deny plaintiff's request for at least three reasons.

First, this Court lacks jurisdiction to compel a party to produce documents in a different judicial district (in this case, the District of Maryland). *See Falicia v. Advanced Tenant Services*, Inc., 235 F.R.D. 5, 11 (D.D.C. 2006) (quashing subpoena because federal district court in the District of Columbia lacks jurisdiction to enforce a subpoena requiring production of documents

in Maryland); See also Fed. R. Civ. P. 45(a)(2)(a subpoena requiring production or inspection of documents must issue "from the court for the district where the production or inspection is to be made"). The Court should therefore quash the subpoenas that are the subject of plaintiff's motions.

Second, although plaintiff's counsel argues that the subpoenas were also a FOIA request under the District of Columbia Freedom of Information Act, D.C. Code § 2-531, et seq., this Court has no jurisdiction to consider challenges to the District's responses to FOIA requests under the D.C. Code – any such challenge to a District agency's response to a FOIA request must be brought in the Superior Court for the District of Columbia.

Plaintiff's counsel's conduct by serving these subpoenas and bringing a motion to compel raises a larger issue, however. Plaintiff has subpoenaed agencies that are part of the District of Columbia in an effort to obtain discovery for use in this case. The District is a defendant in this case, and is represented by undersigned counsel from the D.C. Office of the Attorney General. Plaintiff's counsel served the subpoenas without providing a copy of the subpoena to the District's counsel in this case. In addition, plaintiff's counsel communicated directly with personnel at OCTO and OHR concerning those agencies' response to the subpoenas, without including counsel for the District on the communications. Finally, even when agency personnel asked plaintiff's counsel to contact the District's counsel in this case to discuss the subpoenas, plaintiff's counsel continued to communicate directly with agency personnel, rather than with the undersigned counsel from the D.C. Office of the Attorney General who represent the District in this matter. See, e.g., ECF #55-6 (letter demanding compliance with subpoena despite agency's request that plaintiff's counsel communicate directly with undersigned counsel).

As an initial matter, it is far from clear that plaintiff may properly seek documents from a defendant through subpoenas issued pursuant to Rule 45, rather than through requests for production pursuant to Rule 34. A magistrate judge in this Court has noted a split of authority on this issue. *See Doe v. District of Columbia*, No. 03-cv-1789, 2005 WL 1787683 (D.D.C. July 5, 2005). But even if a Rule 45 subpoena were the proper vehicle in this case, plaintiff's attempt to enforce compliance without meeting and conferring with counsel for the District is improper.

Plaintiff has issued the subpoenas that are the subject of this motion to obtain discovery in this case. Plaintiff counsel's letters attached to her motions all begin with a citation to the case caption in this matter and end with the words "this is [a] good faith effort to resolve a discovery dispute." *See, e.g.*, ECF #55-2 (letter of April 9, 2013 to OCTO), 55-4 (letter of April 10, 2013 to OCTO), 56-3 (letter of April 9, 2013 to OHR). However, although plaintiff's counsel's letters acknowledge that there is a discovery dispute, plaintiff's counsel has not even attempted to contact counsel for the District in an effort to resolve the dispute. [1]Fed. R. Civ. P. 37(a) requires that any motion seeking to compel discovery "must include a certification that the movant has in good faith conferred with or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff's motions fail to contain any such certification, nor could they.[2] As the exhibits to plaintiff's motion to compel OCTO to comply with her subpoena make clear, plaintiff's counsel was instructed by OCTO to contact undersigned counsel to discuss the subpoena. In response to plaintiff's counsel's letter of

---

[1] For example, had plaintiff met and conferred with counsel for the District, undersigned counsel would have informed plaintiff that her subpoenas appear to seek documents that the District has already provided in its document production of over 2300 plus documents during discovery in this matter.

[2] Plaintiff also failed to include in her motions any certification pursuant to Local Rule 7(m) indicating that she attempted to meet and confer with counsel for the District to resolve this discovery issue.

3

April 10, 2013, demanding an immediate response to her subpoena, in-house counsel for OCTO asked plaintiff to contact undersigned counsel for the District:

> You have sent me a subpoena through which, according to your most recent letter, you seek to enforce a discovery request in ongoing litigation against the District. In that suit the District is represented by counsel, who are copied here. Please direct all further communications relating to this case to the District's counsel

[ECF # 55-7]. Rather than contact counsel for the District in this matter, plaintiff's counsel filed her motions to compel.

Plaintiff's counsel's apparently refuses to meet and confer with the District's counsel, and apparently insists on contacting District agencies and agency personnel directly, even when requested to contact District counsel.  The District therefore respectfully requests that, in addition to denying plaintiff's motions to compel [ECF # 55 and 56], and quashing the subpoenas at issue in those motions, the Court also enter a protective order preventing plaintiff or her counsel from contacting directly any defendant or any District agencies concerning discovery in this matter and directing plaintiff and her counsel to direct all inquiries concerning discovery in this matter to undersigned counsel of record for defendants.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's motions to compel [ECF # 55 and 56], quash the subpoenas that are the subject of those motions, and enter a protective order: (1) preventing plaintiff or her counsel from directly contacting (including by way of subpoena) any defendant, any District agencies or their personnel (other than defendants' counsel of record) concerning discovery in this matter, and (2) directing plaintiff and her counsel to direct all

inquiries concerning discovery in this matter to undersigned counsel of record for the defendants.

        Respectfully submitted,

        IRVIN B. NATHAN
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        JONATHAN H. PITTMAN
        Chief, Civil Litigation Division Section III

        /s/ Denise J. Baker
        DENISE J. BAKER [493414]
        Assistant Attorney General
        441 Fourth Street, N.W., 6th Floor
        Washington, D.C. 20001
        (202) 724-7334 (telephone)
        (202) 741-8800 (fax)
        E-mail: Denise.baker@dc.gov

        */s/ Patricia B. Donkor*
        PATRICIA B. DONKOR  [DC Bar No. 1000455]
        Assistant Attorney General
        441 Fourth Street, N.W., 6th Floor
        Washington, D.C. 20001
        (202) 727-9624(phone)
        (202) 741-0569 (fax)
        Email:  patricia.donkor@dc.gov

 Attorneys for District Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FELICIA MARTIN,**

                *Plaintiff*,

**v.**

**DISTRICT OF COLUMBIA,** *et al.*,

                *Defendants*.

**Case Number 1:11-cv-01069**

**Judge Rudolph Contreras**

## ORDER

Upon plaintiff's motions to compel compliance with subpoenas [ECF # 55 and 56], the District of Columbia's opposition thereto and cross-motion for a protective order, any further opposition or reply, and the entire record herein, it is this _____ day of _____, 2013 hereby

**ORDERED** that plaintiff's motions for order to show cause and to compel are hereby **DENIED** and the subpoenas that are the subject of those motions are hereby **QUASHED**; it is

**FURTHER ORDERED** that the District of Columbia's motion for a protective order is hereby **GRANTED**; and it is

**FURTHER ORDERED** that (1) plaintiff or her counsel are hereby forbidden, absent further order from the Court, from directly contacting (including by way of subpoena issued pursuant to Fed. R. Civ. P. 45) any defendant, any District of Columbia agency or any District of Columbia personnel, other than the defendants' counsel of record in this matter, concerning any discovery in this matter, and (2) plaintiff and her counsel are hereby **ORDERED** to direct any inquiries, requests or communications concerning discovery in this matter to the defendants' counsel of record in this matter and not to any other person or entity.

2

_____

Judge, U.S. District Court