AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Felicia Martin | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-CV-1069 ABJ |
| District of Columbia, et al | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: DC Office of Inspector General (OIG) s/o Keith Van Croft, Esq., FOIA Officer, 717 14th Street, NW, 5th Floor Washington, DC 20001, c/o Fax 202-727-9846 & Certified Mail Return Receipt Requested

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attached Notice.

| Place: Law Offices of Jessie Lyons Crawford, LLC<br>2601 Maryland Avenue<br>Baltimore, Maryland 21218 | Date and Time:<br>10/31/2012 11:15 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/07/2012

CLERK OF COURT

OR

_____     /s/ Jessie Lyons Crawford
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11-CV-1069 ABJ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's **attendance**, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:11-cv-01069-RC   Document 59-3   Filed 04/23/13   Page 3 of 9

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT AND FOIA REQUEST

Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, The District of Columbia Freedom of Information Act, or FOIA, DC Code §§ 2-531-539, The District of Columbia Document Retention Policy regarding documents and emails and in accordance with provided Instructions and Definitions **District of Columbia Office of the Inspector General (OIG)** is directed to produce for inspection and copying certain documents or electronically stored information in your possession, custody, or control as specified in the Document Requests set forth below.

### INSTRUCTIONS

1. Electronically stored information ("ESI"), including but not limited to electronic mail, text messages, word processing files, spreadsheet files, and database files, should be produced in native format or as portable document format ("PDF") images of the original files.
2. Documents originally in paper form may be produced as PDF images.
3. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.
4. If documents or ESI are produced in native form (for ESI) or PDF form (for documents or ESI), the production should be made on CD or DVD disks.
5. For any files provided that are protected by passwords, the passwords for such files should be provided by separate correspondence.
6. Complete the enclosed form certifying the records produced in response to this subpoena.
7. **Dates are from January 1, 2005 through the present date.**

### DEFINITIONS

"APPLICATION" means a collection of one or more related software programs that enable a user to enter, store, view, modify or extract information from files or databases often referred to a "program," or "software, such as word processors, Internet browsing tools and spreadsheets.

"BACKUP" means to create a copy, or an already created copy, of data as a precaution against the loss or damage of the original data on digital audio tape (DAT) or other storage media.

"DOCUMENT" and "DOCUMENTS" mean and include any printed, typewritten, handwritten, graphic or recorded matter of whatever character including but not limited to letters, memoranda, telegrams, handwritten notes, books, periodicals, pamphlets, reports, records, studies, papers, ledgers, account books, written statements of witnesses or persons having knowledge of relevant facts, summaries of meetings or oral communications, minutes, written agendas, catalogs and brochures, checks, check stubs, invoices, bills, statements, receipts, work orders, claims, diaries, calendars, appointment books, journals, magnetic disks, magnetic tapes, computer printouts, punch cards, E-mail or any other form of the computer readable material or retrievable data stored in any computer of computer system including carbon or photographic or other types of copies of such material.

The term "DOCUMENT" includes the definition of "WRITING" as defined in THE RULES OF Evidence. Without limiting the foregoing, the term "DOCUMENT" also includes any electronically stored data on magnetic or optical storage media as an "active" file or files

(readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

"HARD DRIVE" means the primary storage unit on computers and personal digital assistants (PDAs), consisting of one or more magnetic media platters on which digital data can be written and erased magnetically.

"RELATING TO" means supporting, constituting, depicting, respecting, regarding, concerning, pertaining to, referring to, stating, describing, recording, noting, reflecting, containing, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, contradicting, specifying, listing, summarizing, reviewing, or identifying either directly or indirectly.

"SOFTWARE" means the coded instructions (programs) that make a computer do useful work.

"YOU" and "YOUR" mean the individual or entity to whom or to which these interrogatories is propounded, and anyone acting on your or its behalf, including agents, employees and contractors.

CONCEPT SEARCH. 'Concept search' in litigation refers to the search of electronic documents on the basis of ideas they contain, rather than just specific keywords. Concept searching is usually implemented by broadening a keyword-based search to include synonyms or using a thesaurus to include results related to the ideas in the search keywords, even though not directly derived from the keyword search term.

DE-DUPLICATION OR DEDUPLICATION. The identification and segregation of exact or nearly-exact files.

DOCUMENT MANAGEMENT SYSTEM. A computer system that tracks and stores electronic documents or image representations of paper documents.

DELETED FILES. When a file is deleted from an operating system (e.g. Windows), the contents of the file may still remain intact. Specialized computer utilities can be used to reconstruct deleted files, sometimes bypassing the operating system and directly reading the raw drive sectors.

ELECTRONIC DATA DISCOVERY OR EDD . The process of gathering, reviewing and producing of documents in electronic format. Electronic documents include e-mail, memos, letters, spreadsheets, databases, office documents, presentations and other electronic formats commonly found on computer, network hard drives, back-up tapes and off-line storage such as CDs, DVDs, ZIP drives, etc.

EMAIL STRING. A series of e-mails linked together by e-mail responses and forwarding. Email string are often treated as a single document.

ELECTRONIC IMAGE. An electronic representation of a document in the form a 'bitmap', represented as a two dimensional array of brightness values for pixels.

' ELECTRONICALLY STORED INFORMATION' OR ESI. Files or other data that are stored on computers, file servers, disks, tape or other devices or media.

'ELECTRONIC SEARCH. In the context of e-Discovery, the ability to access all litigation documents in searchable electronic form and use selected keywords to find applicable documents for further review.

EPAPER. An electronic version of a document, usually in a PDF or TIFF file format.

FILE SERVER. A computer used to store files for access by other client computers on a network of computers.

FORENSIC COPY. A exact bit-by-bit copy of a computer drive, including slack and unallocated space.

FUZZY SEARCH. Fuzzy searches return results even if the text to be searched is slightly misspelled. Fuzzy searches are helpful in returning a result even if the original text has been corrupted thorough an optical character recognition (OCR) error, which common in scanned documents.

KEYWORD SEARCH. The process of examining electronic documents in a collection or system by matching a keyword or keywords with instances in the various documents.

HARVESTING. The process of retrieving electronic data from various computers and other storage media, including computer hard drives, file servers, CD/DVDs, and backup tapes and devices.

LOGICAL DOCUMENT DETERMINATION OR LDD. A process of document grouping or separation used in some e-Discovery litigation support processes.

MD5 HASH. Also known as a 'digital fingerprint' in litigation support and computer forensics, a MD5 hash is computer algorithm that takes the bits of a file as input and outputs a practically unique text string. An example is as follows.

METADATA OR META-DATA. Structured information about an electronic file that is embedded in the file, but not normally visible when viewing a printed or on screen rendition of the document, that describes the characteristics, origins, usage and validity of other electronic files.

NATIVE FILE FORMAT. A file saved in the format as designated by the original application used to create it (e.g. a DOC or DOCX file created by Microsoft Word).

OUTLOOK. Ubiquitous Microsoft personal information management (PIM) program, which includes email, task management and a calendar.

OCR OR 'OPTICAL CHARACTER RECOGNITION'. The process of taking scanned images (from documents) and electronically converting them into editable text.

OST FILE FORMAT. File format used by the Microsoft Outlook as an offline folder file to make it possible for the user to work offline and then to synchronize changes with the Exchange server the next time the user connects.

PDF. Developed by Adobe Systems, Inc., 'PDF' stands for 'portable document format'.

PST FILE FORMAT. File format used by the Microsoft Outlook personal information management (PIM) program, which includes email, task management and a calendar.

TIFF. TIFF or TIF ("Tagged Image File Format") is an electronic copy of a paper document in the form of an image, and as such contains no embedded text, fonts, images, or graphics (cf.PDF format)..

Windows Mail. Microsoft e-mail program included in Windows Vista as a successor to Outlook Express.

"Including" means, "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders

SUBSCRIBER –name, address, contact numbers, activation date, and number of mobiles on the account for the most current customer unless a timeframe is provided

TOLLS –date, time and length of call for outgoing calls, only non-restricted inbound.

CALL DETAIL RECORDS –date, time and length of call for outgoing and incoming calls; captures outbound digits and incoming numbers

FEATURES –list of the features subscribed to by the customer.

ESN –electronic serial number of the phone.

PAYMENT HISTORY –date, source and amount of payments

CALLS TO A NUMBER –date, time and length of calls for all mobiles that called a specific destination number

LOCATION –cell site that handled the call

TEXT MESSAGES–Contact list/information–Calendar/schedule–Pictures–Downloads from internet (i.e., games, ring tones)–Dialed numbers–Incoming numbers.

SMS (Short Message Service) is the simplest and most common type of text message and is supported by a large number of mobile phones. SMS typically allows for text messages with a maximum of 160 characters per message.

The MMS (Multimedia Messaging Service) standard includes the ability to create messages with text, picture, music and other content. MMS messages may consist of multiple pages, each page with its own text, picture, music, etc.

## DOCUMENT REQUESTS

1) Consistent with *the aforementioned instructions and definitions*, produce documents or electronically stored information sufficient to identify all documents in your possession pertaining to **the Alcoholic Beverage Regulation Administration (ABRA),** its employees or board members with respect to the following :

   a.      Produce all files in your possession regarding any investigation the OIG has conducted on ABRA and it's employees, including, notes, emails, surveillance footage,  indictments, interviews with witnesses, interviews with employee's,

interviews with third parties, investigative reports, recommendations, correspondence, correspondence received from ABRA or its employee's and any documents regarding the Alcoholic Beverage Regulation Administration from January 1, 2006 through the present date.

*"excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel".*

b       Produce a privilege log of all communications, documents or esi you alleged to be privileged.

## CERTIFICATION OF RECORDS

I, _____ , in my position as _____ for **District of Columbia Office of the Inspector General (OIG)** hereby certify that the records provided in response to the subpoena issued by Attorney Jessie Crawford were made at or near the time of the date set forth in the records. These records were kept and made in the course of the regularly conducted business activity as a regular practice of **District of Columbia Office of the Inspector General (OIG).** The documents being provided are true and complete copies of the originals.

I further certify that I am a person with knowledge of those matters and I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Print Full Name

_____
Daytime Phone Number

_____
Print Full Title
**District of Columbia Office of the Inspector General (OIG)**