FELICIA MARTIN,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

*Defendants*.

Case Number 1:11-cv-01069

Judge Rudolph Contreras

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS [ECF #59, ECF #60, ECF #61 and ECF #62] FOR ORDER TO SHOW CAUSE AND MOTION TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER**

Defendants hereby oppose plaintiff's motions for orders to show cause and compel compliance with subpoenas issued to the D.C. Office of the Inspector General ("OIG") [ECF #59] and the D.C. Office of Risk Management ("ORM") [ECF #60]. Defendants also oppose plaintiff's amended motions for orders to show cause and compel compliance with subpoenas issued to the D.C. Office of the Chief Technology Officer ("OCTO") [ECF #61] and the D.C. Office of Human Rights ("OHR") [ECF #62].

In addition, the Defendants cross-move for a protective order.

This is an employment action. Defendants include the District of Columbia ("District"), a municipal corporation.

Plaintiff, represented by counsel *pro hac vice*, issued a number of subpoenas to various District of Columbia government agencies in October 2012. Plaintiff previously moved to compel compliance with two of those subpoenas: a subpoena issued to the D.C. Office of the Chief Technology Officer ("OCTO") and a subpoena issued to the D.C. Office of Human Rights ("OHR"). [ECF #55 and ECF #56]. The defendants filed an opposition to the motions to

compel, arguing that the motions should be denied and the subpoenas quashed because, *inter alia*, this Court lacks jurisdiction to compel a party to produce documents in a different judicial district (in this case, the District of Maryland). [ECF #57]. In addition, the defendants moved for a protective order preventing plaintiff or her counsel from contacting directly any defendant or any District agencies concerning discovery in this matter and directing plaintiff and her counsel to direct all inquiries concerning discovery in this matter to undersigned counsel of record for defendants. [*Id.*]

Plaintiff has now filed two motions to compel compliance with two additional subpoenas. Both subpoenas were issued on October 7, 2012. One was issued to the D.C. Office of the Inspector General ("OIG"). [*See* ECF #59-3]. The other was issued to the D.C. Office of Risk Management ("ORM"). [*See* ECF #60-3]. In addition, plaintiff has filed amended motions to compel compliance with the subpoenas issued to the Office of the Chief Technology Officer ("OCTO") [ECF #61] and the D.C. Office of Human Rights ("OHR") [ECF #62].

All of plaintiff's subpoenas purport to require the recipients to produce documents at plaintiff's counsel's office in Baltimore, Maryland. Plaintiff has now moved to compel compliance with these subpoenas. The Court should deny plaintiff's motions.

First, this Court lacks jurisdiction to compel a party to produce documents in a different judicial district (in this case, the District of Maryland). *See Falicia v. Advanced Tenant Services*, Inc., 235 F.R.D. 5, 11 (D.D.C. 2006) (quashing subpoena because federal district court in the District of Columbia lacks jurisdiction to enforce a subpoena requiring production of documents in Maryland); *See also* Fed. R. Civ. P. 45(a)(2)(a subpoena requiring production or inspection of documents must issue "from the court for the district where the production or inspection is to be

made").  The Court should therefore quash the subpoenas that are the subject of plaintiff's four motions.

Second, plaintiff's four motions all proceed on the theory that OIG, ORM, OCTO and OHR are "non-parties" or "third parties."  They are not.  Instead, they are all part of the District of Columbia, which is a defendant in this action.

Multiple decisions of this Court and the local courts make clear that agencies of the District of Columbia government are *non sui juris*, (*i.e.*, not amenable to suit) in the absence of a statute making them amenable to suit.  *See*,.*e.g.*, *Fields v. District of Columbia Dep't of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) (the D.C. Department of Corrections is *non sui juris*); *Trifax Corp. v. District of Columbia*, 53 F. Supp.2d 20, 26 (D.D.C. 1999) (Office of the Inspector General, the Department of Health, the Department of Administrative Services, and the Department of Human Services are *non sui juris*); *Bridges v. Kelly*, 977 F. Supp. 503, 506 n.4 (D.D.C. 1997) (Department of Administrative Services and Office of Personnel dismissed as parties); *Zervas v. District of Columbia*, 817 F. Supp. 148, 150 (D.D.C. 1993)(District of Columbia Fire Department and the District of Columbia Office of Personnel are *non sui juris)*. This Court has held, "[i]t is beyond peradventure that a 'noncorporate department or other body within a municipal corporation is not *sui juris*.'"  *Hinton v. Metropolitan Police Department*, 726 F. Supp. 875 (D. D.C. 1989) (*quoting Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216-17 (D.C. 1978)).  Plaintiff cites no authority that establishes that OIG, ORM, OCTO and OHR are separate legal entities that are different from the defendant District of Columbia. The Court should consider these agencies to be part of the District of Columbia for purposes of the subpoenas that are at issue here.

As noted in the District's opposition to plaintiff's previous motions to compel compliance with other subpoenas issued to D.C. agencies [ECF #57], plaintiff's counsel's conduct in serving these subpoenas and bringing a motion to compel raises a larger issue. Plaintiff has subpoenaed agencies that are part of the District of Columbia in an effort to obtain discovery for use in this case. However, the District is a defendant in this case, and is represented by undersigned counsel from the D.C. Office of the Attorney General. Plaintiff's counsel served the subpoenas without providing a copy of the subpoena to the District's counsel in this case. In addition, plaintiff's counsel communicated directly with personnel at OIG and ORM concerning those agencies' response to the subpoenas, rather than through counsel for the District in this matter. *See* ECF #59-2; ECF #60-2; ECF #61-4; ECF #62-3.

As an initial matter, it is far from clear that a plaintiff may properly seek documents from a defendant through subpoenas issued pursuant to Rule 45, rather than through requests for production pursuant to Rule 34. A magistrate judge in this Court has noted a split of authority on this issue. *See Doe v. District of Columbia*, No. 03-cv-1789, 2005 WL 1787683 (D.D.C. July 5, 2005). But even if a Rule 45 subpoena were the proper vehicle in this case, plaintiff's attempt to enforce compliance without meeting and conferring with counsel for the District is improper.

Plaintiff has issued the subpoenas that are the subject of her motions to obtain discovery in this case. Plaintiff counsel's letters attached to her motions all begin with a citation to the case caption in this matter and end with the words "[t]his is our offices [*sic*] good faith effort to resolve a discovery dispute." *See, e.g.*, ECF #59-2 (letter of April 9, 2013 to OIG), ECF #60-2 (letter of April 9, 2013 to ORM), ECF #61-4 (letter of April 9, 2013 to OCTO), ECF #62-3 (letter of April 9, 2013 to OHR). However, although plaintiff's counsel's letters acknowledge that there is a discovery dispute, plaintiff's counsel has not even attempted to contact counsel for

the District in an effort to resolve the dispute.  Fed. R. Civ. P. 37(a) requires that any motion

seeking to compel discovery "must include a certification that the movant has in good faith

conferred with or attempted to confer with the person or party failing to make disclosure or

discovery in an effort to obtain it without court action."  Plaintiff's motions fail to contain any

such certification, nor could they, as no such meeting was even requested.[1]

Moreover, at least one of the recipients of plaintiff's counsel's letters asked plaintiff's

counsel to deal directly with undersigned counsel for the District in connection with the

subpoena.  *See* ECF #55-5 and ECF #61-5 (April 10, 2013 email from OCTO asking plaintiff's

counsel to direct questions to the District's counsel at OAG).  Plaintiff refused, *see* ECF #55-6

and ECF #61-6, and then filed a motion to compel compliance with the subpoena without even

attempting to confer with the District's counsel.

Plaintiff's counsel's apparently refuses to meet and confer with the District's counsel,

and apparently insists on contacting District agencies and agency personnel directly, even when

requested to contact District counsel.  The District therefore respectfully requests that, in

addition to denying plaintiff's motions to compel [ECF #55, ECF #56, ECF #59, ECF #60, ECF

#61 and ECF #62], and quashing the subpoenas at issue in those motions, the Court also enter a

protective order preventing plaintiff or her counsel from contacting directly any defendant or any

District agencies concerning discovery in this matter and directing plaintiff and her counsel to

direct all inquiries concerning discovery in this matter to undersigned counsel of record for

defendants.

---

[1]     Plaintiff also failed to include in her motions any certification pursuant to Local Rule
7(m) indicating that she attempted to meet and confer with counsel for the District to resolve this
discovery issue.

**CONCLUSION**

For the foregoing reasons, the Court should deny plaintiff's motions to compel [ECF #55, ECF #56, ECF #59, ECF #60, ECF #61 and ECF #62], quash the subpoenas that are the subject of those motions [ECF #55-5, ECF #55-3, ECF #56-2, ECF #59-3, ECF #60-3, ECF #61-2. ECF #61-3 and ECF #62-2], and enter a protective order:  (1) preventing plaintiff or her counsel from directly contacting (including by way of subpoena) any defendant, any District agencies or their personnel (other than defendants' counsel of record) concerning discovery in this matter, and (2) directing plaintiff and her counsel to direct all inquiries concerning discovery in this matter to undersigned counsel of record for the defendants.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

JONATHAN H. PITTMAN
Chief, Civil Litigation Division Section III

/s/ Denise J. Baker
DENISE J. BAKER [493414]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724-7334 (telephone)
(202) 741-8800 (fax)
E-mail: Denise.baker@dc.gov

*/s/ Patricia B. Donkor*
PATRICIA B. DONKOR  [DC Bar No. 1000455]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 727-9624(phone)
(202) 741-0569 (fax)
Email:  patricia.donkor@dc.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELICIA MARTIN,

         *Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

         *Defendants*.

**Case Number 1:11-cv-01069**

**Judge Rudolph Contreras**

## ORDER

Upon plaintiff's motions to compel compliance with subpoenas [ECF #55, ECF #56, ECF #59, ECF #60, ECF #61 and ECF #62], the District of Columbia's opposition thereto and cross-motion for a protective order, any further opposition or reply, and the entire record herein, it is this _____ day of _____, 2013 hereby

**ORDERED** that plaintiff's motions for orders to show cause and to compel are hereby **DENIED** and the subpoenas that are the subject of those motions [ECF #55-5, ECF #55-3, ECF #56-2, ECF #59-3, ECF #60-3, ECF #61-2. ECF #61-3 and ECF #62-2] are hereby **QUASHED**; it is

**FURTHER ORDERED** that the District of Columbia's motion for a protective order is hereby **GRANTED**; and it is

**FURTHER ORDERED** that (1) plaintiff or her counsel are hereby forbidden, absent further order from the Court, from directly contacting (including by way of subpoena issued pursuant to Fed. R. Civ. P. 45) any defendant, any District of Columbia agency or any District of Columbia personnel, other than the defendants' counsel of record in this matter, concerning any discovery in this matter, and (2) plaintiff and her counsel are hereby **ORDERED** to direct any

inquiries, requests or communications concerning discovery of the defendants in this matter, including any individual defendant, the District of Columbia and any agency of the District of Columbia, to the defendants' counsel of record in this matter and not to any other person or entity.

_____

Judge, United States District Court