IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*

**FELICIA MARTIN**

PLAINTIFF *

Vs. * CASE NO.: **11-CV-1069 ABJ**

**DISTRICT OF COLUMBIA**, *et al* *

DEFENDANT

* * * * * * * * * * * * *

**PLAINTIFF RESPONSE TO DEFENDANT CHARLES BRODSKY'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Plaintiff to the above Acton respectfully files this Response to Defendant Brodsky's Motion to Dismiss or, in the Alternative, for Summary Judgment and move this Honorable Court to DENY the Defendant's Motion for reasons stated in the attached

Respectfully Submitted,

LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

Jessie Lyons Crawford, Esq.
2601 Maryland Avenue
Baltimore, Maryland 21218
(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net
PRO HAC VICE
COUNSEL TO PLAINTIFF

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

**CERTIFICATE OF SERVICE**

Plaintiff, hereby certifies that they have served the foregoing Response to Motion to Dismiss or In The Alternative for Summary Judgment was mailed on this __16th______day of July, 2013, via first class mail postage prepaid to :

Denise Baker, Esq.
Patricia Donkor, Esq.
Nicole Raspa, Esq.
***Counsel to Defendant***
***Via Electronic Notice***

______________________________
**JESSIE LYONS CRAWFORD, ESQ.**

Law Office Of
JESSIE LYONS CRAWFORD, LLC
**2601 Maryland Avenue**
**Baltimore, MD 21218**
**Tel: (410) 662-1230**
**Fax: (410) 662-1238**
**attorneyjlcrawford@verizon.net**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | * | |
| **FELICIA MARTIN** | | |
| PLAINTIFF | * | |
| VS. | * | CASE NO.: **11-CV-1069 ABJ** |
| **DISTRICT OF COLUMBIA**, *et al* | * | |
| DEFENDANT | | |

* * * * * * * * * * * * *

**MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT CHARLES BRODSKY MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGEMENT**

## I. STATEMENT OF THE CASE

This is an action for declaratory, injunctive, monetary and other appropriate relief brought by plaintiff to redress intentional violations by defendants of rights secured to plaintiff by the laws of the United States and the statutory and common law of the District of Columbia. This action arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sections 2000e et seq., ("Title VII"), the Civil Rights Act of 1866 as amended, 42 U.S.C.§ 1981, ("Section 1981"), 42, U.S.C. § 1983, Title I of the Americans with Disabilities Act, as amended, 42 U.S.C.A §§ 12101 et seq. ("ADA"), and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq., 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

Mrs. Martin seeks redress against Defendants, the District of Columbia Government (hereinafter "the District"), the Alcoholic Beverage Regulation Administration (hereinafter "ABRA"), Frederick Peter Moosally, III, Charles Brodsky, Johnnie E. Jackson, Jr., Craig Selby Stewart, and Maria Delaney (hereinafter "Individual District Defendants") collectively referred to as "District Defendants". District Defendants discriminated against Mrs. Martin on the basis of

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

gender, age, and disability and retaliated against Mrs. Martin for engaging in protected activity, including speech. Furthermore, the District Defendants violated Mrs. Martin's federally protected rights and other rights afforded Plaintiff pursuant to District of Columbia statutes.

## II. FACTUAL ALLEGATIONS

Plaintiff has been employed by ABRA from February 21, 2007 as an Investigator. Complaint at ¶ 17 Plaintiff's work performance was satisfactory or exceeded expectations. *Id.* at ¶ 19. On June 8, 2008, Plaintiff was one of two investigators to be promoted to a Grade 12. *Id.* at ¶ 20.

On or around September 22, 2008, Plaintiff applied for a supervisor position. *Id.* at ¶ 18. About a month or so after applying for the supervisor position, Plaintiff learned that Plaintiff was not eligible for the position. Defendant Jackson and Delaney told Plaintiff that Plaintiff was not eligible because Plaintiff had not been in Plaintiff's current pay grade for ninety (90) days. Subsequently only male candidates were interview for the position, and Gregory D. Price, a less qualified and less experienced investigator than Plaintiff was selected as the new Supervisory Investigator. *Id.* at ¶¶ 21-23. Additionally, In September 2008, ABRA posted two (2) Supervisory positions on the District of Columbia human resource website. Plaintiff applied for one of the positions. However, Plaintiff received no response to the application. *Id.* at ¶ 25. In November 2009, Plaintiff discovered that Mr. Price had not been in his current pay grade for ninety (90) days before he was promoted to the supervisor position. *Id.* at ¶ 24.

Plaintiff also applied for or requested a number of volunteer opportunities and training for which Plaintiff was qualified, eligible, and suited. Defendant Jackson periodically inquired, via e-mail, whether any investigators were interested in serving as a relief Supervisory Investigator. Plaintiff responded to all of these e-mails but was never selected. *Id.* at ¶ 26. Notwithstanding Plaintiff credentials, and being more qualified than the individuals selected for the volunteer

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

opportunities, Mr. Jackson and Defendant ABRA failed to select Plaintiff for the volunteer positions. *Id.* at ¶ 28. In September 2008, Plaintiff applied to volunteer in an Inaugural Liaison position and for training, fleet, and special events coordinator positions. However, District Defendants selected either males or younger employees over Plaintiff. *Id.* at ¶¶ 29-32. Sometime in November 2008, ABRA setup a presidential Inaugural Committee for which Plaintiff and other investigators were selected. Plaintiff was subsequently removed from the committee and replaced with Camille Robinson, who was hired one month before Plaintiff was removed from the committee, and had no investigatory powers. The reason given for Plaintiff's removal was Plaintiff's alleged failure to follow the strict guidelines of the U. S. Secret Service ("USSS"). However, Mrs. Robinson had her background check completed and photos taken after the strict USSS deadline. *Id.* at ¶¶ 46-49. Plaintiff has also requested training on becoming a manager. In August and November of 2009 The Plaintiff requested management training and was advised by Defendant Jackson that Plaintiff would never receive training. *Id.* at ¶¶ 33-36. Additionally, Sometime in July 2009, Plaintiff was denied pay for approved overtime work that Plaintiff performed. *Id.* at ¶ 38.

In the spring of 2008 Plaintiff, regain custody of her minor child from an abusive family situation. As a result, Plaintiff informed ABRA of the changes in her family situation and requested that the Defendant ABRA, among other things, allow Plaintiff to alter Plaintiff's shift to make the transition for the minor child and Plaintiff easier. Defendant ABRA did not respond to Plaintiff's request. However, upon information and belief ABRA permitted Defendant Stewart to alter his schedule to coach his son's football team. *Id.* at ¶ 62. Defendant Jackson also used Plaintiff family circumstance as the basis to denied Plaintiff's request to volunteer for an acting supervisor opening and Plaintiff's application for a supervisory investigator position. During meetings about the positions, Defendant Jackson questioned Plaintiff about the case involving the

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

custody of her son and her family circumstances, after which Plaintiff's request or application was denied. *Id.* at ¶¶ 62-65.

On or about November 20, 2009, Plaintiff filed a Complaint of Discrimination with ABRA's Internal EEO Officer, Laverne Fletcher. *Id.* at ¶ 73. Upon receiving the right to proceed to OHR, Plaintiff filed an official Complaint in December of 2009. *Id.* at ¶ 77. After Plaintiff filed her charge of discrimination with the OHR and the EEOC, Defendant ABRA and its agents, specifically, Defendant Jackson and Stewart started retaliating against Plaintiff, including by:

a. Removing most of Plaintiff job responsibilities and powers

b. No longer permitted Plaintiff to investigate matters within her jurisdiction,

c. Interfered and interrupted Plaintiff's work;

d. Informed new investigators not to deal with Plaintiff under any circumstances.

e. Reduced Plaintiff's caseload;

f. Limited the type of cases, Plaintiff received;

g. Unfairly and unduly criticized Plaintiff's work product;

h. Made negative and untruthful remarks in Plaintiff's performance reviews;

i. Berated Plaintiff in front of other employees;

j. Denied Plaintiff overtime work and pay;

k. Denied Plaintiff employment benefits and opportunities; and,

l. Made up performance complaints against the Plaintiff.

m. Denied work opportunities that other investigators were afforded.

*Id.* at ¶¶ 78, 88.

On May 25, 2010, Plaintiff and a co-worker were involved in a two-car collision. Acting Supervisor Vincent Parker notified Mr. Jackson and Mr. Stewart about the accident. Because of discriminatory animus, Mr. Parker relayed erroneous information to Defendant Jackson and

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

Defendant Stewart, including that three investigators were riding in the same automobile. *Id.* at ¶ 80. Defendant Stewart telephonically contacted Plaintiff while she was still on the scene of the accident and began yelling and badgering the Plaintiff. *Id.* at ¶ 81. Plaintiff notified Defendant Moosally, about Defendant Stewart's conduct. *Id.* at ¶ 82. On May 26, 2010, Defendant Stewart called Plaintiff – and other co-workers – to an impromptu meeting where Defendant Stewart berated the Plaintiff in front of her co-workers about the May 25, 2010 accident. Again, Plaintiff notified Defendant Moosally about Mr. Stewart's hostile conduct. *Id.* at ¶ 86. On July 19, 2010, the Plaintiff filed a retaliation complaint with the OHR against the ABRA, citing incidents that involved Defendant Stewart" and Defendant Jackson's actions against Plaintiff. *Id.* at ¶ 89. On July 20, 2010, Defendant Stewart communicated with DC Metropolitian Police Department ("MPD") Detective David Carter, after which Detective Carter allegedly filed a complaint with Defendant Stewart against the Plaintiff. *Id.* at ¶ 90. Plaintiff was not notified of the alleged complaint filed by Detective Carter until August 19, 2010. On the morning of August 19, 2010, Defendant Stewart asked Plaintiff to come to his office, at which time he stated that two (2) complaints were filed against Plaintiff. *Id.* at ¶ 91.

Defendant Stewart alleged that MPD Detective David Carter filed the first complaint and an unidentified employee from the establishment of Roses Lounge filed the second complaint. *Id.* at ¶ 92. Defendant Stewart stated that he wanted to discuss the complaints before the end of the day and notified the Plaintiff of her right to contact a Union Representative. *Id.* at ¶ 93. According to Defendant Stewart, Detective Carter stated that on June 24, 2010, while working Sale to Minor (STM) with Plaintiff, Detective Carter found Plaintiff's conduct to be unprofessional. Defendant Stewart stated that Detective Carter filed his complaint on July 20, 2010. *Id.* at ¶ 95. Defendant Stewart stated that he would recommend disciplinary action against Plaintiff but was unsure what the punishment would be. *Id.* at ¶ 104. Subsequent investigation by Plaintiff and Steven Allen

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

indicate that Detective Carter denied filing a complaint against Plaintiff. *Id.* at ¶ 105. Detective Carter stated that he was approached by Defendant Stewart and asked to write a statement about Plaintiff regarding what happened on June 24, 2010, Sale to Minor (STM) program. *Id.* at ¶ 106. In the summer of 2009, during a monthly meeting Defendant Jackson requested volunteers for the role of Field Training Investigators, (FTI) in anticipation of the hiring of five (5) new investigators. The Plaintiff promptly volunteered. *Id.* at ¶ 107. In a November 2009 monthly meeting, Plaintiff found out that the FTIs were selected and Plaintiff was not one of them. *Id.* at ¶ 108. Although Plaintiff was not selected as a FTI, after Defendant Jackson and Defendant Stewart became aware of Plaintiff's EEO Complaint, Defendant Stewart retaliate by unfairly increasing Plaintiff's work load by assigning Plaintiff to train the new investigators on about 72 separate occasions, in addition to requiring Plaintiff to perform regular duties as an investigator. *Id.* at ¶ 110.

In November 2008, Plaintiff was diagnosed with work related Carpel Tunnel. The injury was timely reported to the Defendant ABRA who accepted the injury as a worker's compensation work related injury. *Id.* at ¶ 112. Subsequent diagnoses indicate that Plaintiff suffered permanent injury or damage, and upon return to work Plaintiff was placed on work restriction or light duty limiting her typing activities. *Id.* at ¶ 119. Plaintiff is required to type in the course of her employment, because she is responsible for her work product such as Investigative Reports, Protest Reports, and Citations Reports. Plaintiff's requested a reasonable accommodation that Defendant ABRA buys voice recognition software so that Plaintiff could speak and the computer would type. The software accommodation would not have placed a financial burden on Defendant ABRA and in fact was less than $200.00 at the time. *Id.* at ¶ 121. DC and ABRA are able to provide accommodation without a financial hardship being suffered by the Employer; however,

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

DC and ABRA have refused to provide a reasonable accommodation and instead require the Plaintiff to work in a full unrestricted duty status. *Id.* at ¶ 122.

Sometime after Plaintiff started her employment, Plaintiff volunteered to provide information and testified before the D.C Office of Inspector General (OIG), regarding unlawful and/or unethical activities of ABRA and its employees, including with respect to, corruption, fraud, waste, and abuse, employees consuming alcoholic beverages on the job, inside influence, cronyism, abuse of authority and discriminatory treatment of licensees. *Id* at ¶ 189.

Plaintiff believed that her statements, *inter alia*, to the OIG, demonstrated and/or were examples of "gross mismanagement" or gross misuse or waste of public resources and funds, or abuse of authority in connection with the administration of justice. Plaintiff also believed that the misuse or abuse was in connection with the administration of a public program or the execution of a public contract and/or in violation of federal, state, or local law, rule, or regulation. *Id* at ¶ 190. As a result of plaintiff's participation in the OIG's investigation, the District Defendants took "prohibited personnel actions", as defined in the Whistleblower Act, as amended, at § 1-614.52(a)(5), and otherwise retaliated against Plaintiff because of her protected activity. These actions included recommended, threatened and actual, disciplinary action, reprimand, negative decisions, involuntary transfers, denial of promotion, and denial of training, reassignment, ostracizing, and retaliation against the Plaintiff. *Id* at ¶ 191.

From December 2006 to the present, Defendant Jackson hired 15 Males and 9 Females. This constitutes 62.5% males and 37.5% females. *Id.* at ¶ 69. Currently the Enforcement Division has 17 investigators of which 64.70% are male and 35.30% are female. *Id.* at ¶ 70. In September 2009, Defendant ABRA posted four (4) Investigator positions for which Defendant Jackson hired 4 males. *Id.* at ¶ 71.

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

## III. STANDARD OF REVIEW

In order to survive a motion to dismiss under Rule 12(b) (6), the plaintiff must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Smith-Thompson*, 2009 WL 30696666 at *3 (citing *Swierkiewitz v. Sorema N.A.*, 534 U.S. 506, 511-14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); Williams-Jones, 2009 WL 2972504 at *3 (citing *Swierkiewitz*., 534 U.S. at 511-14, 122 S.Ct. at 992, 152 L.Ed.2d at 1); Dave, 606 F.Supp.2d at 449 (citing *Swierkiewitz*., 534 U.S. at 511-14, 122 S.Ct. at 992, 152 L.Ed.2d at 1), or "plead law or match facts to every element of a legal theory." *Smith-Thompson*, 2009 WL 30696666 at *3 (citing *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000)); Williams-Jones, 2009 WL 2972504 at *3 (citing Krieger, 211 F.3d at 136); Dave, 606 F.Supp.2d at 49 (citing Krieger, 211 F.3d at 136).

When considering a motion to dismiss, the Court should accept the complaint's factual allegations, including mixed questions of law and fact, as true; and must draw all reasonable inferences in Mrs. Martin's favor. See *Smith-Thompson*, 2009 WL 30696666 at *3 (citing *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.D. Cir. 2003); *Holy Land Found. For Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.D.C. 2003); Browning, 202 F.3d at 242); Dave, 606 F.Supp.2d at 49 (citing Macharia, 334 F.3d at 64, 67; Holy Land Found. For Relief & Dev., 333 F.3d at 165; Browning, 202 F.3d at 242) Further, the complaint must allege "any set of facts consistent with the allegations." Smith-Thompson, 2009 WL 30696666 at *3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)); Williams- Jones, 2009 WL 2972504 at *3 (citing Twombly, 550 U.S. at 563, 127 U.S. at 1955, 167 L.Ed.2d

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

at 929); Dave, 606 F.Supp.2d at 49 (citing Twombly, 550 U.S. at 563, 127 U.S. at 1955, 167 L.Ed.2d at 929). These allegations must be "sufficiently detailed." Musgrove *v. District of Columbia*, 602 F.Supp.2d 141, 144 (D.D.C. 2009) (citing Twombly, 550 U.S. at 555, 127 U.S. at 1955, 167 L.Ed.2d at 929). The allegations must "raise a right to relief above the speculative level." Id. In evaluating a Rule 12(b)(6) motion, the court must accept as true all the factual allegations contained in the complaint and grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. Musgrove, 602 F.Supp.2d at 144 (citing Eleson v. United States, 518 F.Supp.2d 279, 282 (D.D.C. 2007)).

Defendants' attempts to extend the holding in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct.1937 (2009) to this case, but Iqbal has nothing to do with Title VII. Iqbal did not concern Title VII – Iqbal involved a suit by a Muslim Pakistani pretrial detainee who alleged Attorney General Ashcroft and FBI Director Mueller personally, "willfully and maliciously agreed" to enter a conspiracy against him. 129 S. Ct. at 1941. The key finding in Iqbal was that the detainee's allegations were not plausible.

However, "when 'matters outside the pleadings are presented to and not excluded by the court' on a motion to dismiss under Rule 12(b) (6), 'the motion must be treated as one for summary judgment [.]'" Highland Renovation Corp. v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (quoting Fed. R. Civ. P. 12(d)). In particular, "where both parties submit material outside the pleadings and 'the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the pleadings and the issues involved are discrete' legal issues, the court may convert the motion to a motion for summary judgment 'without providing notice or the opportunity for discovery to the parties.'" Highland Renovation Corp., 620 F. Supp. 2d at 82 (quoting Tunica-Biloxi Tribe of LA.v. United States, 577 F. Supp. 2d 382, 405 (D.D.C. 2008) and Smith v. United States, 518 F. Supp. 2d 139, 145, 155 (D.D.C.2007)).

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

Summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law. Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir.2009) (citing Fed. R. Civ. P. 56 (c) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). "In considering a motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence ... in favor of the nonmovant." Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson, 477 U.S. at 255); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). " The relevant inquiry 'is the threshold inquiry of determining whether there is a need for a trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Single Stick, Inc. v. Johanns, 601 F. Supp. 2d 307, 312 (D.D.C. 2009) (quoting Anderson, 477 U.S. at 250).

A genuine issue is present where the "evidence is such that a reasonable jury could return a verdict for the non-moving party," in contrast to a situation where the evidence is "so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 248, 252.

**IV. ARGUMENT**

The Plaintiff has stated a claim against Defendant Charles Brodsky as shown by the District of Columbia regulations and above stated facts relating to the Plaintiff's cause of action. The Defendant attempts to convince the Court that there is no dispute as to the facts. The dispute is clearly identified in the regulations. The Defendant states that Brodsky did not have a duty to supervise ABRA and its employees. The Plaintiff hopes to convince that Brodsky was under a legal duty to oversee ABRA and the fact that he failed to do so does not abrogate his duties. It then becomes a jury question as to whether the Defendant failed to act or not under the District of Columbia Regulations.

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

**A. IT IS A DISPUTED FACT THAT DEFENDANT BRODSKY SUPERVISED ABRA OR ITS EMPLOYEES**

At all times relevant to this Complaint, Charles Brodsky was the Chair of the Alcoholic Beverage Control Board. He was appointed by the Mayor of District of Columbia in accordance with DC Official Code § 25-201. Section (c) states:

(c) The Board shall:

(1) Oversee ABRA …

Additionally, section (c) enumerates 7 other duties beholding to the Board and its Chair.

The Code also refers the Board's duties to ABRA. Section 25-202 states that ABRA is an "independent agency of the District to provide professional, technical and administrative staff assistance to the Board in the performance of its functions. ABRA shall carry out its functions under the supervision of the Board. Emphasis added.

Further, DC Official Code §25-204.01(2)(D) states that the Board may exempt the following matters from a public hearing concerning ABRA:

> **"Personnel matters: Discussion of the appointment, employment, assignment, promotion, performance evaluation, compensation, discipline, demotion, removal, or resignation of government appointees, employees, or officials, unless the person requests a public meeting".**

The DC Human Rights Act (DCHRA) provides that individual supervisors can be held liable for their violations of the act. In Re: *Purcell v. Thomas*, 928 A.2d 699 (DC, 2007) the court opined that:

> "As we have seen, the DCHRA makes it an unlawful discriminatory practice for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, ... or otherwise adversely affect his [or her] status as an employee." D.C. Code § 2-1402.11(a) (1). We had occasion to consider the definition of "employer" under the DCHRA in *Wallace, supra.* D.C. Code § 2-1401.02(10) (2001), formerly codified at D.C. Code § 1-2502(10) (1999), defines "employer" as any person who, for compensation, employs an individual, except for the employer's parent, spouse, children or domestic servants, engaged in work in and about the employer's household; any person acting in the interest of such employer, directly or indirectly; and any professional association."

The court went on to say:

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

> "any person acting in the interest of such employer, directly or indirectly," and observed that there is no comparable provision in Title VII. *Id.* Nor does Title VII include an aiding and abetting provision as does the DCHRA: "It shall be an unlawful discriminatory practice for any person to aid, abet, invite, compel, or coerce the doing of any of the acts forbidden under the provisions of this chapter [Chapter 14, Human Rights] or to attempt to do so." D.C. Code § 2-1402.62 (2001), formerly codified at D.C. Code § 1-2526 (1999)." [928 A.2d 715]

Defendant Brodsky is a persons acting in the interest of ABRA, and aided, abetted, invited, compelled or coerced the doing of action forbidden under the provision of D.C. Code § 2-1402.62 (2001). Plaintiff has therefore stated viable legal claims against the Charles Brodsky as to her DCHRA

It is in established precedent in this circuit that the WPA provides individual liability. The Defendant's allegations in this regard and frivolous and without merit. The 2009 amendments confirm there is individual liability under the DC WPA. *See* Whistleblower Protection Amendment Act of 2009, § 2(c), D.C. Code § 1-615.54(a)(1) (2010) ("An employee aggrieved by a violation of § 1-615.53 may bring a civil action against the District, and, in his or her personal capacity, any District employee, supervisors, or official having personal involvement in the prohibited personnel action . . . .").

Moreover, this very fact was addressed in ***<u>In re Winder v. Erste</u>***, Civil Action No. 03-2623, Memorandum Opinion and Order at 3-5 (D.D.C. Mar. 7, 2011);

Judge Bates opined that:

> "Although the parties do not discuss the private right of action issue in their briefs, the Court recognizes that the 2009 Amendment also expressly provides for a right of action against supervisors and other District personnel. See 2009 D.C. ALS 265 (amending D.C. Official Code Section l-615.54(a) to read "an employee aggrieved by a violation of section 1553 may bring a civil action against the District, and, in his or her personal capacity, any District employee, supervisor, or official having personal

It is alleged that Defendant Brodsky participated in all of the management decisions or was duty bound to oversee ABRA in its management decisions. Fred Moosally, successor to Brodsky, stated in his deposition dated February 22, 2013 Charles Brodsky was Chairman of the ABC

Law Office Of
JESSIE LYONS CRAWFORD, LLC
**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net**

Board and one of his duties was to oversee ABRA. See Exhibit 1, page 109-111. Additionally, Laverne Fletcher , EEOC Officer and Counselor for ABRA and Mediation Specialist for the Board, also testified in Deposition that Brodsky was the Chairperson of the ABC Board and one of its duties was to oversee ABRA. See Exhibit 2, page 1-3 and 6 – 11. Additionally, the employees of ABRA met with the Board to discuss employee concerns with the Board. See Exhibit 3.

Further, On April 12, 2010, Ms. Felicia Dantzler Martin, the Plaintiff, informed Mr. Brodsky via e-mail of her EEOC claim. He did not redirect her E-mail. See Exhibit 4 (Attachment to E-mail Excluded). In the previous EEOC cases, the Board has been consulted and even actively participated in resolving EEOC matters. In 2008, Then ABRA Director Maria Delaney, made a comment concerning the dreadlocks of an employee that offended the employee. Specifically, Ms. Delaney was introducing the employee who had his hair styled in dreadlocks. As she introduced the employee to co-workers she commented that they should not "let the dreadlocks scare you". The employee filed an EEOC claim. The Director of the Board (also referred to as the "ABC Board") became involved and required Maria Delaney to apologize to the employee, for which she wrote a formal apology. See Exhibit 5.

Finally, the ABRA employees have always operated as an ABRA employee with the clear dictates that the Board supervises ABRA and the employees. See Martin Affidavit attached. It is by the regulations and the practice of the office of ABRA that the Board is available to resolve EEOC Discrimination cases. There is no case law that interprets the D.C. regulations governing ABRA and the ABC board. However, the practice of ABC and ABRA makes it clear that ABC oversees ABRA in all respects including Employment matters. At all relevant times, Brodsky was the Board Chairman. He received direct notice from the Plaintiff requesting his input. See Exhibit 5. The fact that Brodsky failed to follow through with his duties does not mean that he was correct to do so.

Law Office Of
JESSIE LYONS CRAWFORD, LLC
**2601 Maryland Avenue**
**Baltimore, MD 21218**
**Tel: (410) 662-1230**
**Fax: (410) 662-1238**
**attorneyjlcrawford@verizon.net**

It is the Plaintiff's position that Brodsky should have acted on the Plaintiff's notice concerning Ms. Martin's EEOC matters within ABRA. Therefore, Brodsky should not be dismissed from this suit and is a proper party and there exists a genuine dispute as to a material fact.

**CONCLUSION**

The Defendant claims that the Board and its Chair does not oversee employment matters for ABRA. Plaintiff has demonstrated that there exists a dispute as to a genuine fact as to a material fact, Brodsky's duties as Chairman of the Board. Therefore, the Plaintiff urges this Court to Deny the Defendant's Motion to Dismiss and to Deny the entry of a Summary Judgment.

Respectfully Submitted,

LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

Jessie Lyons Crawford, Esq.
2601 Maryland Avenue
Baltimore, Maryland 21218
(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net

Law Office Of
JESSIE LYONS CRAWFORD, LLC
2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238
attorneyjlcrawford@verizon.net

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | * | |
| **FELICIA MARTIN** | | |
| PLAINTIFF | * | |
| Vs. | * | CASE NO.: **11-CV-1069 ABJ** |
| **DISTRICT OF COLUMBIA**, *et al* | * | |
| DEFENDANT | | |

* * * * * * * * * * * * *

**ORDER**

Upon consideration of the Defendants Motion to Dismiss or in the Alternative for Summary Judgment and considering Plaintiff's Motion to Continue Discovery, it is hereby this _____day of _______, 2013, ORDERED, that the MOTION is DENIED.

***SO ORDERED***

Date: _______________ ______________________________
Judge

Law Office Of




**2601 Maryland Avenue**
**Baltimore, MD 21218**
**Tel: (410) 662-1230**
**Fax: (410) 662-1238**
**attorneyjlcrawford@verizon.net**