**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FELICIA MARTIN,**<br><br>　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>　　　　　　　　　*Defendants*. | Case Number 1:11-cv-01069<br><br>Judge Rudolph Contreras |

**PLAINTIFF'S MOTION IN LIMINE**

　　　　Before the voir dire examination of the jury panel, plaintiff, Felicia Martin, makes this motion in limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If defendant, District of Columbia, injects these matters in this case through a party, an attorney, or a witness, defendant will cause irreparable harm to plaintiff's case that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, plaintiff makes this motion in limine, and object to the evidence of Defendant submitted in the Joint Pre-Trial Statement. (Dkt. No. 138).

**INTRODUCTION**

　　　　1.　　Plaintiff is Felicia Dantzler; defendant is the District of Columbia.

　　　　2.　　On March 27, 2015, Plaintiff received copies of a list of the exhibits and witnesses that Defendant intends to use in the trial of this case.

**OBJECTIONS**

3.      Plaintiff files the following objections to the admissibility of the following exhibits on Defendant's Joint Pretrial Statement exhibit list:

  a.   Exhibit 59 is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. Exhibit 59 "Letter Approving Plaintiff's Request for Outside Employment, is not relevant because Plaintiff's request for outside employment is not an issue in this case.

  b.   Exhibit 70 is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. Exhibit 70, "Stewart's memorandum regarding Plaintiff's infractions" is not relevant because there is not claim by Defendant is this case that Plaintiff's performance or "infractions" was a basis on which Defendant denied Plaintiff's promotion, denied Plaintiff reasonable accommodation or denied Plaintiff work because of her disability. The alleged infraction therefore has no relevant in this case.

  c.   Exhibit 80 is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. Exhibit 80, "Emails regarding Plaintiff's allegations of discrimination pertaining to car accident" should be excluded because this was never an issue in this case. Further it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

  d.   Exhibit 81 is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. Exhibit 81, "Emails regarding Plaintiff not providing memo of car accident" should be excluded because this was never an issue in this case. Further it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

  e.   Exhibit 83 is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. Exhibit 83, "Emails regarding Plaintiff's allegations of violations" pertains to Plaintiff's claim for denial of overtime pay. This issue was disposed of on summary judgment and is now not relevant to the case.

        Further it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

    f.    Exhibit 84 is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. Exhibit 84, "Emails regarding Plaintiff's allegations of violations" pertains to Plaintiff's claim for denial of overtime pay. This issue was disposed of on summary judgment and is now not relevant to the case. Further it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

    g.    Exhibit 113 is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. Exhibit 113, "Jackson's memorandum regarding Plaintiff's change in policies" was never an issue in this case. This issue was disposed of on summary judgment and is now not relevant to the case. Further it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

4.    Plaintiff files the following objections to the admissibility of the following witness testimony as indicated in Defendant's Joint Pretrial Statement exhibit list:

    a.    <u>7. Donnell Butler</u> - Investigator at ABRA, and Plaintiff's teammate from 2008 through 2010. He will testify regarding Plaintiff's relationship with her supervisors and coworkers, and the alleged adverse actions taken against Plaintiff.

    <u>Objection</u>: The testimony of Donnell Butler proffered in the Joint Pretrial Statement is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. The evidence is not relevant because Plaintiff's relationship with her supervisors and coworkers was never claimed by Defendant as a reason for its actions against Plaintiff. Plaintiff's relationship with her supervisors and coworkers has nothing to do with the denial of plaintiff's promotion. Furthermore, Donnell Butler has no personal knowledge regarding the denial of plaintiff's promotion, the denial of reasonable accommodation to Plaintiff and the discrimination against Plaintiff due to her disability. Additionally, it should be exclude under Federal Rule of

    Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

b.  <u>8. Vincent Parker</u> - Investigator at ABRA, and Plaintiff's teammate from 2008 through 2010. He will testify regarding Plaintiff's relationship with her supervisors and coworkers, and the alleged adverse actions taken against Plaintiff.

 <u>Objection</u>: The testimony of Vincent Parker proffered in the Joint Pretrial Statement is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. The evidence is not relevant because Plaintiff's relationship with her supervisors and coworkers was never claimed by Defendant as a reason for its actions against Plaintiff. Plaintiff's relationship with her supervisors and coworkers has nothing to do with the denial of plaintiff's promotion. Furthermore, Donnell Butler has no personal knowledge regarding the denial of plaintiff's promotion, the denial of reasonable accommodation to Plaintiff and the discrimination against Plaintiff due to her disability. Additionally, it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

c.  <u>9. Vincent Wills</u> - Investigator at ABRA, and Plaintiff's teammate in 2009 and 2010. He will testify regarding Plaintiff's relationship with her supervisors and coworkers, and the alleged adverse actions taken against Plaintiff.

 <u>Objection</u>: The testimony of Vincent Wills proffered in the Joint Pretrial Statement is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. The evidence is not relevant because Plaintiff's relationship with her supervisors and coworkers was never claimed by Defendant as a reason for its actions against Plaintiff. Plaintiff's relationship with her supervisors and coworkers has nothing to do with the denial of plaintiff's promotion. Furthermore, Donnell Butler has no personal knowledge regarding the denial of plaintiff's promotion, the denial of reasonable accommodation to Plaintiff and the discrimination against Plaintiff due to her disability. Additionally, it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

d.  <u>10. Earl Jones</u> - Investigator at ABRA, and Plaintiff's teammate in 2010. He will testify regarding Plaintiff's relationship with her supervisors and coworkers, and the alleged adverse actions taken against Plaintiff.

> Objection: The testimony of Earl Jones proffered in the Joint Pretrial Statement is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. The evidence is not relevant because Plaintiff's relationship with her supervisors and coworkers was never claimed by Defendant as a reason for its actions against Plaintiff. Plaintiff's relationship with her supervisors and coworkers has nothing to do with the denial of plaintiff's promotion. Furthermore, Donnell Butler has no personal knowledge regarding the denial of plaintiff's promotion, the denial of reasonable accommodation to Plaintiff and the discrimination against Plaintiff due to her disability. Additionally, it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

e.     11. Tyrone Lawson - Investigator at ABRA, and Plaintiff's teammate in 2010. He will testify regarding Plaintiff's relationship with her supervisors and coworkers, and the alleged adverse actions taken against Plaintiff.

> Objection: The testimony of Tyrone Lawson proffered in the Joint Pretrial Statement is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. The evidence is not relevant because Plaintiff's relationship with her supervisors and coworkers was never claimed by Defendant as a reason for its actions against Plaintiff. Plaintiff's relationship with her supervisors and coworkers has nothing to do with the denial of plaintiff's promotion. Furthermore, Donnell Butler has no personal knowledge regarding the denial of plaintiff's promotion, the denial of reasonable accommodation to Plaintiff and the discrimination against Plaintiff due to her disability. Additionally, it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

f.     12. Ileana Corrales - Investigator at ABRA, and Plaintiff's teammate in 2010. She will testify regarding Plaintiff's relationship with her supervisors and coworkers, and the alleged adverse actions taken against Plaintiff.

> Objection: The testimony of Ileana Corrales proffered in the Joint Pretrial Statement is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. The evidence is not relevant because Plaintiff's relationship with her supervisors and coworkers was never claimed by Defendant as a reason for its actions against Plaintiff. Plaintiff's relationship with her supervisors and coworkers has nothing to do with the denial of plaintiff's promotion. Furthermore, Donnell Butler has no personal knowledge regarding the denial of plaintiff's promotion, the denial of

reasonable accommodation to Plaintiff and the discrimination against Plaintiff due to her disability. Additionally, it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

g. <u>13. Erin Mathieson</u> - Investigator at ABRA, and Plaintiff's former teammate. She will testify regarding Plaintiff's relationship with her supervisors and coworkers, and the alleged adverse actions taken against Plaintiff.

<u>Objection</u>: The testimony of Erin Mathieson proffered in the Joint Pretrial Statement is not relevant evidence as defined by Federal Rule of Evidence 401 and thus is inadmissible under Federal Rule of Evidence 402. The evidence is not relevant because Plaintiff's relationship with her supervisors and coworkers was never claimed by Defendant as a reason for its actions against Plaintiff. Plaintiff's relationship with her supervisors and coworkers has nothing to do with the denial of plaintiff's promotion. Furthermore, Donnell Butler has no personal knowledge regarding the denial of plaintiff's promotion, the denial of reasonable accommodation to Plaintiff and the discrimination against Plaintiff due to her disability. Additionally, it should be exclude under Federal Rule of Evidence 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Plaintiff also requests that the court issue an order in limine regarding the following matters.

a. Any evidence, statement, or argument of the Equal Employment Opportunity Commission's finding of no probable cause in a discrimination charge. *See Cortes v. Maxus Expl. Co.*, 977 F.2d 195, 202 (5th Cir. 1992).
b. Any opinion of an expert witness that is not supported by admissible facts. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).
c. Any evidence from an expert witness that is outside the scope of the expert's written opinion produced during pretrial discovery. *See Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).
d. Any evidence, statement, or argument supporting an issue not contained in the final pretrial order. *Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. L.P.*, 79 F.3d 496, 507-08 (6th Cir. 1996).
e. Any evidence that defendant did not produce in discovery. Defendant should not be permitted to present any witness {*he/she/it*} did not name in {*his/her/its*} disclosures or answers to interrogatories or any evidence {*he/she/it*} did not produce in response to any discovery.
f. Any evidence, statement, or argument suggesting that plaintiff, through {*his/her/its*} attorney, asserted claims of privilege during discovery. Claims of

    privilege are not admissible as evidence. *See* Fed. R. Evid. 501.

g. Any evidence, statement, or argument suggesting that plaintiff, through {*his/her/its*} attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. *See* Fed. R. Evid. 501.
h. Any attempt to elicit testimony from plaintiff about communications with {*his/her/its*} attorneys. Such communications are privileged. *See* Fed. R. Evid. 501.
i. Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.
j. Any attempt to ask plaintiff's attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.
k. Any evidence, statement, or argument that plaintiff's attorney has a contingency fee in the suit.

**CONCLUSION**

WHEREFORE, for the reasons set forth in this Motion, Plaintiff asks the Court to sustain her objections and exclude Defendant's evidence to which Plaintiff has objected.

        Respectfully Submitted,

        */s/ George A. Rose*
        GEORGE ROSE, ESQUIRE
        TRIAL BAR NO.:  28606

        THE ROSE LAW FIRM LLC
        200 East Lexington Street
        Suite 800
        Baltimore, Maryland 21202
        Phone: 410-727-7555
        Fax: 410-727-7585
        grose@roselawfirm.net

        */s/ Jessie Lyons Crawford*
        JESSIE LYONS CRAWFORD, ESQ.
        LAW OFFICE OF JESSIE LYONS CRAWFORD LLC
        2601 Maryland Avenue
        Baltimore, Maryland 21218
        Phone: 410-662-1230;
        Fax: 410-662-1238
        Email: attorneyjlcrawford@verizon.net

        Attorneys for Plaintiff Felicia Dantzler