UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICIA MARTIN,**  *Plaintiff*,  v.  **DISTRICT OF COLUMBIA,** *et al.*,  *Defendants*. | **Case Number 1:11-cv-01069**  **Judge Rudolph Contreras** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN DOCUMENTS AND MATTERS FROM TRIAL**

Defendant's above-referenced motion demands the Court to exclude "any evidence regarding the OIG Special Evaluation and Report, including the Report itself". Def.'s Mot. In Lim. Supp. Mem. 2. Defendant fails to specify any exhibits other than the OIG Special Evaluation and Report (Pl.'s Ex. 53). Defendant fails to indicate what type of "evidence" it seeks to exclude (emails, testimony, written statements, etc.). Rather, it appears that Defendant expects this Court to speculate regarding the contents of Defendant's imprecise and ambiguous motion, and, with one broad stroke, exclude a swath of unnamed, unspecified exhibits.

Defendant demands this Court to exclude the ambiguous "evidence" based on two objections: that the "evidence" is "not relevant to any of Plaintiff's claims", and it will "confuse and mislead the jury, unfairly prejudice the District, and needlessly lengthen this trial". *Id.* at 3. Defendant fails to make any specific arguments based on the facts on record to support its claims, and instead relies on conclusory statements such as "[i]t *might* also impermissibly color the jury's view of the District and the agency for which Plaintiff works". *Id.* at 3 (emphasis added). Defendant's imprecise and boilerplate objections fail to establish

1

any colorful basis for excluding any of Plaintiff's exhibits.

I.  **The OIG Findings and Report Is Probative of Pretext for Discrimination**.

The *only* specified exhibit sought for exclusion is Plaintiff's Exhibit 53.  This exhibit, however, is highly probative as to ABRA's failure to promote Plaintiff to Supervisory Investigator.  The OIG evaluation, which culminated to its Findings and Report, occurred from June 2008 to April 2009.  The SI selection process occurred during this time frame, and Gregory Price was formally selected in November 2008.  The OIG Findings and Report states that "ABRA lacks written human resource policies"; "During various interviews, seven ABRA employees/managers stated that they had not received or did not recall receiving personnel policies"; "ABRA employees demonstrated a lack of knowledge on how to handle personnel matters"; and that DCHR believed that ABRA was obliged to follow the District Personnel Manual (DPM), whereas ABRA had not decided whether to adopt the DPM.  Pl.'s Ex. 53.

This information is highly probative because Defendant's proffered legitimate, non-discriminatory reason for failing to promote Plaintiff is that Johnnie Jackson relied on DCHR's advice regarding the "time-in, time-out rule" and the candidate selection certificate generated by DCHR.  The OIG Findings and Reports, however, may establish pretext because it tends to prove that ABRA management personnel did not follow DCHR's advice or policies in making personnel decisions, and appeared to be unaware of which policies they were supposed to follow.  The statements in the OIG Findings and Report resonate with the exhibits on record demonstrating that:  on at least one past occasion, ABRA management had attempted to fill a vacancy by first identifying the candidate it wished to hire, and then asking DCHR to place that candidate's name on a Selection Certificate; and that Matthews and Price, who were interviewed for the promotion, had less than one-year's experience in his position.  Pl.'s Ex. 30-32.

The OIG Findings and Report will provide a detailed, straightforward, and precise account of ABRA's failure to follow a coherent personnel policy. Exclusion of Plaintiff's Exhibit 53, on the other hand, will inevitably require the jury to solely rely on testimony on this subject matter, which will likely be less coherent and more time-consuming. Thus, to ensure that probative evidence is established before the jury, and to avoid unnecessary waste, delay, and confusion, this Court must deny Defendant's motion *in limine*.

## II. <u>Statements Provided to the OIG Are Probative of Discriminatory Intent</u>.

In addition to the OIG Findings and Report, Plaintiff has provided a number of statements provided to OIG as part of its evaluation that tends to prove a discriminatory animus against females. *See, e.g.,* Pl.'s Ex. 6 (Nikesha Webb complaint). The non-anonymous statements were provided by Nikesha Webb, Jennifer Barbour, Shaunti Carroll, and Plaintiff. These witnesses provided statements that Delaney, Moosally, and Jackson were engaging in improper practices. All of these witnesses are female. Jackson, Delaney, and Moosally apparently were aware that these witness participated in the OIG evaluation; on one occasion, Delaney notified Jackson that Plaintiff wanted to speak to OIG. *See* Pl.'s Ex. 18. While the special evaluation was ongoing, Plaintiff was denied promotion to SI. Thus, the non-anonymous statements provided to the OIG, all of which were provided by females, tend to prove that Jackson harbored a discriminatory animus based on Plaintiff's gender.

These statements provide a straightforward and precise account tending to prove discriminatory animus. If they are excluded, the jury may have to rely on witness statements from the females who provided the statements and the OIG investigators demonstrating that

these statements were provided, and that they were adverse to Jackson, Delaney, and Moosally. This would result in a waste of time, and cumulative and needless presentation of evidence.[1]

## CONCLUSION

Defendant has failed to identify with precision the documents it seeks to exclude. Defendant has failed to provide any colorable, non-boilerplate argument for exclusion of any evidence. The evidence that Defendant appears to be referring to is highly probative as to discriminatory intent and pretext of discrimination. Therefore, Defendant's motion *in limine* must be denied.

        Respectfully Submitted,

        */s/ George A. Rose*
        GEORGE ROSE, ESQUIRE
        TRIAL BAR NO.:  28606

        THE ROSE LAW FIRM LLC
        200 East Lexington Street
        Suite 800
        Baltimore, Maryland 21202
        Phone: 410-727-7555
        Fax: 410-727-7585
        grose@roselawfirm.net


        */s/ Jessie Lyons Crawford*
        JESSIE LYONS CRAWFORD, ESQ.
        LAW OFFICE OF JESSIE LYONS CRAWFORD LLC
        2601 Maryland Avenue
        Baltimore, Maryland 21218
        Phone: 410-662-1230;
        Fax: 410-662-1238
        Email: attorneyjlcrawford@verizon.net

        Counsel for Plaintiff Felicia Dantzler

---

[1] Defendant has not suggested any stipulations of fact. At this point, it is necessary for Plaintiff to present all probative evidence to establish her case. If, however, Defendant is willing to stipulate that Jackson, Delaney, and Moosally were aware that all identified witnesses in the OIG evaluation were female, then Plaintiff may consider withdrawing their statements as evidence to be introduced at trial.