UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICIA MARTIN,

    *Plaintiff,*

v.

DISTRICT OF COLUMBIA,

    *Defendant.*

Civil Action No. 11-CV-1069-RC

## DISTRICT OF COLUMBIA'S SUPPLEMENTAL MOTION IN LIMINE REGARDING PLAINTIFF'S NEWLY SUBMITTED EXHIBITS

The District of Columbia (the District) moves the Court for an Order limiting the admissibility of certain evidence at trial. Immediately before the pretrial in this matter, Plaintiff submitted an updated witness list and exhibit list. As discussed in the accompanying memorandum, certain of these documents are inadmissible hearsay. Consequently, the Court should preclude Plaintiff from introducing this evidence for the truth of the matter asserted. A proposed order is also attached.

Dated: May 20, 2015

        Respectfully submitted,

        KARL A. RACINE
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        JONATHAN H. PITTMAN
        Acting Assistant Deputy Attorney General
        Civil Litigation Division

        SHANA L. FROST

Acting Chief
Civil Litigation Division Section III
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  741-8934

/s/ Sarah L. Knapp
SARAH L. KNAPP [4700008]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C.  20001
(202) 724-6528
sarah.knapp@dc.gov

/s/ Owen T. Williams
OWEN T. WILLIAMS[1]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C.  20001
(202) 724-6644
owen.williams@dc.gov

---

[1] Admitted to practice only in Maryland.  Practicing in the District of Columbia under the direct supervision of Jonathan H. Pittman, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FELICIA MARTIN,

      *Plaintiff,*

v.

DISTRICT OF COLUMBIA,

      *Defendant.*

Civil Action No. 11-CV-1069-RC

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION IN LIMINE REGARDING
PLAINTIFF'S NEWLY SUBMITTED EXHIBITS**

The Court should preclude Plaintiff from offering hearsay documents about her medical condition as evidence in this trial. Immediately before the pretrial in this matter, Plaintiff submitted an updated witness list and exhibit list. The majority of the newly designated exhibits are Plaintiff's medical records and materials regarding the expert witness that the District hired to examine Plaintiff, but elected not to call at trial. To the extent that Plaintiff intends to introduce these for the truth of the matters asserted therein, these records are improper hearsay. Moreover, without the appropriate sponsoring witness, it is unclear how many of these records are related to Plaintiff's claims in this trial.

A motion in limine provides an early opportunity to explain why, for evidentiary reasons, evidence should or should not be introduced at trial. *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011). In rendering evidentiary rulings, "trial judges are afforded broad discretion . . . which extends to assessing the probative value of the proffered evidence and weighing any factors against admissibility." *Id.* at 10 (citing *Sprint/United Mgmt. Co. v.*

*Mendelsohn*, 552 U.S. 379, 384 (2008)). For the reasons set out below, the Court should exercise this discretion here and exclude Plaintiff's Exhibits 103 – 106 and 110 from being offered at trial.

The following chart lists each of these exhibits with Plaintiff's description and a further description to aid the Court in resolving this motion.

| Number | Plaintiff's Description | Additional Information |
|---|---|---|
| 103 | Medical Records –Plaintiff's Prescriptions/Medications | Note from Plaintiff to Rose<br>Records 5/3/11 visit to Tucker, MD<br>Records 1/11/12 visit to Tucker, MD<br>Records 6/20/13 visit to Rosen, MD<br>Two bills from CVS Pharmacy |
| 104 | Plaintiff's Clinical/Forensic Custody/Visitation Evaluation | Narrative from 11/23/08 evaluation of Plaintiff conducted by Sara Phillip, PHD in connection with custody dispute. Also contains evaluations of Plaintiff's son and son's father. |
| 105 | Plaintiff's Medical Records, Dr. Akan | Records 12/1/10 visit to Akan, M.D.<br>Records 1/18/11 visit to Akan, MD<br>Records 7/7/08 visit to Huss, MD<br>Allergy test results<br>Hand written notes by Huss, MD<br>Bills from HealthPort for medical records<br>Medical release 6/19/2013 from Plaintiff<br>21 pages of progress notes from medical providers at Johns Hopkins |
| 106 | Dr. C. David Missar's Psychological Evaluation Report | Fourteen page report of Plaintiff's evaluation by Defendant's expert witness. Includes marginalia by unidentified person. |
| 110 | Dr. C. David Missar's Expert Disclosure and Resume | Missar's CV<br>Additional copy of report<br>Defendants' 26(b)(4) Statement |

If Plaintiff intends to introduce these records for the truth of the matters asserted therein, then they are inadmissible hearsay. *See generally* Fed. R. Evid. 801(c). Moreover, many of these documents quote the out-of-court statements of Plaintiff and others, and thus are hearsay-within-

2

hearsay. Unless Plaintiff can show that these documents—and all information contained within the documents-- qualify as an exception to the hearsay rule, the Court should not allow them to be admitted at trial.

In addition, the medical records in Exhibits 103, 104 and 105 discuss conditions and medical complaints that are not directly related to Plaintiff's claims in this action. Plaintiff has not listed as witnesses any of the medical providers she saw. Without sponsoring testimony explaining their relevance, these materials are irrelevant, confusing, prejudicial, and will needlessly lengthen this trial. Accordingly, the Court should exclude such evidence from trial pursuant to Fed. R. Evid. 401 through 403.

## CONCLUSION

For the foregoing reasons, the Court should grant the District's Motion in Limine and exclude Plaintiff's Exhibits 103 – 106 and 110 from being offered at trial.

Dated: May 20, 2015

                                Respectfully submitted,

                                KARL A. RACINE
                                Attorney General for the District of Columbia

                                GEORGE C. VALENTINE
                                Deputy Attorney General
                                Civil Litigation Division

                                JONATHAN H. PITTMAN
                                Acting Assistant Deputy Attorney General
                                Civil Litigation Division

                                SHANA L. FROST
                                Acting Chief
                                Civil Litigation Division Section III
                                441 Fourth Street, NW, 6th Floor South
                                Washington, DC 20001

(202) 724-6534
Fax:  741-8934

*/s/ Sarah L. Knapp*
SARAH L. KNAPP [4700008]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C.  20001
(202) 724-6528
sarah.knapp@dc.gov

*/s/ Owen T. Williams*
OWEN T. WILLIAMS[1]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C.  20001
(202) 724-6644
owen.williams@dc.gov

---

[1] Admitted to practice only in Maryland.  Practicing in the District of Columbia under the direct supervision of Jonathan H. Pittman, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICIA MARTIN,<br><br>    *Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>    *Defendant.* | Civil Action No. 11-CV-1069-RC |

### ORDER

Upon consideration of Defendant's Motion in Limine, the Points and Authorities therein, any Opposition thereto, and the entire record in this matter, it is this \_\_\_\_ day of _____, 2015 hereby

ORDERED that the Motion is hereby GRANTED, and it is

FURTHER ORDERED that Plaintiff may not introduce Exhibits 103 – 106 and 110 at trial.

_____
JUDGE RUDOLPH CONTRERAS
UNITED STATES DISTRICT COURT JUDGE