**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**FELICIA MARTIN**
    Plaintiff

Vs.

Case No **11-CV-1069 RC**

**DISTRICT OF COLUMBIA**, et al
    Defendant

* * * * * * * * * * * * *

**PLAINTIFF SECOND MOTION IN LIMINE**

Plaintiff Felicia Martin ("Martin"), by and through counsel, respectfully moves this Court in limine to enter an Order as follows:

## I.  INCONSISTENT POSITION

It is anticipated that the Defendant's would proffer testimony that the reasons that they failed to promote Plaintiff Felicia Dantzler, is because there was some apparent conflict with Ms. Martin's personality.

On or about March 26, 2010, the Defendant responded to the District of Columbia Office of Human Rights ("DCOHR"), in response to Plaintiff's Charge of Discrimination. (Exhibit A) In the Defendant's response, they represented that the reasons for not promoting Plaintiff was because she did not meet time in grade standards. (*Id*. at p.3) This has been the consistent position of Defendant throughout the litigation of the matter. The DCOHR relied and considered this position in its finding of no probable cause of discrimination. (Exhibit B at p.14)

Furthermore, the Defendant did not disclose this theory about apparent conflict with Plaintiff's personality in its answer to Plaintiff's Interrogatories, in its depositions, nor did the Defendant include this theory pursuant to the mandatory disclosure requirements of Fed .R. Civ. P. 26(a)

Any attempt by the Defendant to change its prior position would be prejudicial to administration of justice and confuse the jury. Moreover, the Defendant's new theory would be

barred by Judicial Estoppel. The D.C. Circuit formulated the judicial estoppel test in terms of parties. See *Maine*, 532 U.S. at 749 ("'The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding[.]'" (quoting 18 Moore's Federal Practice § 134.30 (3d ed.2000))); id. ("'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory'"(quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, at 782 (1981))); <u>Comcast Corp. v. FCC</u>, 600 F.3d 642, 647 (D.C. Cir. 2010) ("[C]ourts may invoke judicial estoppel where a party assumes a certain position in a legal proceeding, succeeds in maintaining that position, and then, simply because his interests have changed, assumes a contrary position." (omissions, alterations, and internal quotation marks omitted)); Moses, 606F.3d at 798.

There are at least three questions that a court should answer in deciding whether to apply judicial estoppel: (1) Is a party's later position clearly inconsistent with its earlier position? (2) Has the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled? (3) Will the party seeking to assert an inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped? See <u>Maine</u>, 532 U.S. at 750-51. Plaintiff believes that the three elements have been met. (1) The Defendant's position is clearly inconsistent with its previous position before the DCOHR; (2) The DCOHR accepted the Defendant's position and (3) the Defendant will gain an unfair advantage to the detriment of the Plaintiff, if allowed to proceed with the inconsistent position.

Moreover, the court should preclude this theory because the Defendant did not disclose this purported theory in its discovery responses, depositions nor its mandatory Rule 26(a)

2

disclosures. If the Court would allow this theory to proceed to trial, it would amount to unfair surprise and ambush on the Plaintiff, in violation of Federal Rules of Civil Procedure 37.

## II.     PLAINTIFF CARPAL TUNNEL SYNDROME

It is anticipated that the Defendant will argue that Plaintiff did not suffer from an injury related to her work. The District of Columbia Office of Workers Compensation, [a]ccepted Plaintiff's, Carpal Tunnel Syndrome, as a compensable work related injury. The Defendant did not object to this finding before the Workers Compensation Board, nor did they appeal the decision. Defendant is therefore estopped from challenging this injury in this proceeding. **Exhibit C**

See *Hemphill v. Kimberly-Clark Corp*., 530 F. Supp. 2d 108, 111 (D.D.C. 2008)(a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.)"See *United States vs. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966)(Board of Contract Appeals' Findings of Fact conclusive where parties before it had adequate opportunity to litigate) See *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (Courts "must give substantial deference to an agency's interpretation of its own regulations.") "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." See *Allen v.McCurry,* 449 U.S. 90, 94 (1980). See also *Sunshine Anthracite Coal v. Adkins*, 310 U.S. 381, 402 (1940)( for purposes of res judicata, privity exists between officers of the same government)". See also *Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010)

## III.     WITNESSES NOT DISCLOSED DURING DISCOVERY

Plaintiff anticipates that the Defendant will attempt to call witnesses to testify that it did not disclose as having relevant or discoverable information during discovery, and that the Defendants should be precluded from calling any witnesses, except for the parties in this case as

witnesses at trial because Defendants failed to properly disclose the witnesses during the discovery period in this case.

Fed .R. Civ. P. 26(a)(1)(A)(i) requires parties to provide initial disclosures which include "the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses . . ." Rule 26(g)(1) requires that all signed disclosures be based on "belief formed after a reasonable inquiry," Fed. R. Civ. P. 26(g)(1), and "a party is not excused from making its disclosures because it has not fully investigated the case . . . " Fed. R. Civ. P. 26(a)(1)(E).

The 1993 Advisory Committee Notes make it clear that the purpose of these disclosures is to "assist other parties in deciding which depositions will actually be needed." When a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not made, unless such failure is harmless, that party is not permitted to use such evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. " Fed. R.Civ. P. 37(c)(1).

As can be seen from the language of Rule 37(c)(1), "The exclusion of non-disclosed evidence is automatic and mandatory. Stated differently, "Rule 37(c)(1) is a self-executing sanction[.]" <u>Norden v. Samper</u>, 544 F. Supp. 2d 43, 49 (D.D.C.2008) (Rosemary L. Collyer, J.) (internal quotation marks omitted). "[T]he overwhelming weight of authority is that preclusion is required and mandatory absent some unusual or extenuating circumstances — that is, a 'substantial justification.'" <u>Elion v. Jackson</u>, 2006 U.S. Dist. LEXIS 63854 (D.D.C. Sept. 8, 2006)(Paul L. Friedman, J.) (quoting <u>Klonoski v. Mahlab</u>, 156 F.3d 255, 269, 271 (1st Cir. 1998)). The proponent of the evidence bears the burden of showing that the failure to disclose the

evidence "was substantially justified or is harmless." Fed. R. Civ. P. 37(c). See Norden, 544 F. Supp. 2d at 50.

Defendants cannot make a showing that failing to disclose witnesses was substantially justified or harmless. Clearly, introduction of witnesses at this late stage will not only be prejudicial to Plaintiff but it substantially changes the case in which Plaintiff has already prepared.

For all of the foregoing reasons, Plaintiff respectfully requests that this Court :

a. Preclude the Defendants from proffering testimony that contradicts its prior testimony before the DCOHR and Answer's to Interrogatories;

b. Preclude the Defendants from challenging that Plaintiff had Carpal Tunnel Syndrome and that it was work related;

c. Preclude the Defendants from calling any witness not previously disclosed; and

d. For such other and further relief as may be just and proper.

Respectfully Submitted,

LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

*/s/ Jessie Lyons Crawford*

_____
Jessie Lyons Crawford, Esq.
2601 Maryland Avenue
Baltimore, Maryland 21218
(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net

***PRO-HAC-VICE***
CO-COUNSEL TO PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**FELICIA MARTIN**
    Plaintiff

Case No **11-CV-1069 RC**

Vs.

**DISTRICT OF COLUMBIA**, et al
    Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \*

## Certificate of Service

**I HEREBY CERTIFY THAT** on this 31st Day of June 2015, Second Motion in Limine was mailed first class mail postage prepaid to:

Sarah Knapp, Esq.
Owen Williams, Esq.
*Counsel for Defendants'*
*Via Electronic Notice*

                                _____/S/_____
                                JESSIE LYONS CRAWFORD

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FELICIA MARTIN** \* | |
| Plaintiff \* | |
| | Case No **11-CV-1069 ABJ** |
| Vs. \* | |
| **DISTRICT OF COLUMBIA**, et al \* | |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

**UPON CONSIDERATION,** of Plaintiff Felicia Martin, Second Motion in Limine, it appearing that good cause having been stated, it is hereby this ___day of _____, 2015, ORDERED, that the Motion is GRANTED, it is further ORDERED, that:

    **a.** **That the Defendants are precluded from proffering testimony that contradicts its prior testimony before the DCOHR and Answers to Interrogatories;**

    **b.** **That the Defendants are precluded from challenging that Plaintiff's work related injury of Carpal Tunnel Syndrome;**

    **c.** **That the Defendants are precluded from calling any witness not previously disclosed.**

So Ordered this _____ day of _____, 2015

_____
Honorable Rudolph Contreras